IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-1609-WDM-CBS

ESTATE OF FRANKIE ADRIAN PADILLA,

    Plaintiff,

MARIA ROMERO, as natural mother and guardian of Leonora and Shaylene Romero,

    Plaintiff-in-Intervention,

v.

ANTHONY REID, *et al.*,

    Defendants.

**ORDER ON MOTION TO DISMISS PLAINTIFF-IN-INTERVENTION'S SECOND CLAIM FOR RELIEF**

Miller, J.

This matter is before me on the on the motion to dismiss plaintiff-in-intervention's second claim for relief, filed by defendants Anthony Reid, Rhona Medford, Donald Mann, Kent Johnson, Bob Lewis, and Sharon Swift (Defendants). Plaintiff-in-intervention, Maria Romero (Romero), opposes the motion. I have reviewed the parties' written arguments and conclude oral argument is not required. For the reasons that follow, the motion will be granted.

Background

This lawsuit was initiated by Charmaine Padilla (Padilla), as the personal representative of the Estate of Frankie Adrian Padilla (the Estate), pursuant to 42 U.S.C. § 1983. The Estate alleges defendants failed to take action to prevent the

suicide of Frankie Padilla while he was incarcerated at the Buena Vista Correctional Facility.

On August 9, 2004, Romero, the mother of two children by Frankie Padilla, was granted leave to intervene in the case on behalf of her children. Pursuant to Romero's Second Amended Complaint, she joins Padilla's § 1983 claim. She also alleges a state law claim for wrongful death.

## Standard of Review

The Colorado Governmental Immunity Act (CGIA or the Act) requires that a person give notice of a claim under the Act prior to bringing suit. The Act states:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the discovery of the date of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

C.R.S. § 24-10-109(1).

## Discussion

Although Padilla apparently gave notice of the Estate's claim, it is undisputed that Romero never filed notice of her wrongful death claim as required by § 24-10-109(1). Defendants move to dismiss that claim, pointing out that the notice requirement of the CGIA is jurisdictional. *See Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839 (10th Cir. 2003) ("Colorado courts strictly construe section 24-10-109(1) and consistently hold that '[c]omplying with the notice of

claim . . . is a jurisdictional prerequisite to suit'") (alteration in quoted material; citation omitted).

In her response, Romero contends that Padilla's notice was sufficient to include notice of the interests of the heirs (Romero's children). She relies on *Bresciani v. Haragan*, 968 P.2d 153 (Colo. App. 1998), in which a notice naming only one plaintiff but referring to "family" was held sufficient notice under the Act to permit the claims of the other family members. She also cites to *Woodsmall v. Regional Transp. Dist.*, 800 P.2d 63 (Colo. 1990), holding that the CGIA required only substantial compliance with the notice provisions of § 24-10-109.

*Woodsmall*, however, did not address the failure to one party to provide notice at all. Further, unlike the notice in *Bresciani*, the notice provided by Padilla does not refer to any other potential claimant or family member. Indeed, the notice appears to name only Padilla individually, and not as the representative of Frankie Padilla's Estate. *See* Exhibit N to Romero's Motion to Withdraw Voluntary Dismissal.

The case of *DeForrest v. City of Cherry Hills Village*, 72 P.3d 384, 386-87 (Colo. App. 2002), is on point and requires dismissal of Romero's wrongful death claim. In *DeForrest*, the Colorado Court of Appeals held that the trial court did not have jurisdiction over a wrongful death claim by an estate where the notice was provided by the surviving husband individually and did not name the estate or assert that claims would be brought on behalf of an estate or by the husband in any representative capacity. Emphasizing that section 24-10-109(1) requires that "*[a]ny person*" with a claim must file notice, the court concluded that the action by the estate was barred for

failure to give such notice.  *Id.* at 387.  *See also Smith v. Winter*, 934 P.2d 885 (Colo. App. 1997) (wife could not maintain claim for loss of consortium where she failed to submit her own written notice of her claim under the CGIA).

Because Padilla's notice does not mention any claim on behalf of an estate or by other family members, Romero cannot rely on that notice to save her claims.  Romero's failure to give notice of her wrongful death claim as required under the CGIA deprives this Court of jurisdiction over that claim.

Given the dismissal of Romero's second claim for relief, her motion to withdraw notice of voluntary dismissal and motion for attorneys' fees is denied.

Accordingly, it is ordered:

1. The motion to dismiss plaintiff-in-intervention's second claim for relief, filed September 24, 2004 (Docket No. 50), is granted.

2. The motion to withdraw notice of voluntary dismissal and motion for attorneys' fees, filed November 4, 2004 (Docket No. 61), is denied.

DATED at Denver, Colorado, on September 30, 2005.

                                                  BY THE COURT:

                                                  /s/ Walker D. Miller
                                                  United States District Judge